# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Elaine Mickman, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 76 C.D. 2024 |
| | : | SUBMITTED: April 8, 2025 |
| Department of Human Services, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
HONORABLE MATTHEW S. WOLF, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY
SENIOR JUDGE LEADBETTER**         **FILED: May 7, 2025**

Petitioner, Elaine Mickman, petitions *pro se* for review of a final order issued by the Secretary of Human Services, upholding the order of the Department of Human Services (Department), Bureau of Hearings and Appeals (Bureau) pertaining to the denial of Petitioner's benefit limit exception (BLE) request for dental services. We affirm.

The pertinent facts are as follows.[1] Petitioner is a member of Keystone First Health Plan (Keystone First), a managed care organization (MCO) contracted to provide medical services to Pennsylvania Medical Assistance (MA) recipients through the HealthChoices program administered by the Department. Between October 31, 2022 and November 17, 2022, Keystone First received a BLE request from Petitioner's dentist for a crown on Petitioner's tooth number 18. Pursuant to

---

[1] Unless otherwise stated, the facts are taken from the April 14, 2023 adjudication issued by the Administrative Law Judge (ALJ), adopted by the Bureau.

Pennsylvania Medical Assistance Bulletin 27-11-47, adult MA recipients aged 21 and older are eligible for crowns "if the recipient receives a BLE." Certified Record (C.R.) at 20. The Bulletin further provides:

> The Department will grant [BLE]s to the dental benefits when one of the following criteria is met:
>
> 1. The Department determines the recipient has a serious chronic systemic illness or other serious health condition and denial of the exception will jeopardize the life of the recipient.
>
> 2. The Department determines the recipient has a serious chronic systemic illness or other serious health condition and denial of the exception will result in the rapid, serious deterioration of the health of the recipient.
>
> 3. The Department determines that granting a specific exception is a cost[-]effective alternative for the MA Program.
>
> 4. The Department determines that granting an exception is necessary in order to comply with Federal law.

C.R. at 20-21.

Keystone First denied the BLE request and Petitioner subsequently filed a timely grievance. Keystone First denied the grievance, stating that "[t]he clinical information submitted for review fails to establish the medical necessity for the requested dental services." C.R. at 13. It further explained that Petitioner failed to submit any supporting documentation "to show that [she has] a serious chronic systemic illness, or a serious health condition and a denial of the exception will jeopardize [her] life or result in the serious deterioration of [her] health." C.R. at 14. Petitioner then requested a fair hearing from the Department.

Michael Hahn, DDS, Dental Director for Keystone First, testified during a telephone hearing before the ALJ that Keystone First received a BLE form from Petitioner's dentist and a letter from her physician. The physician's letter indicated that Petitioner has a history of untreated osteoporosis, for which it was recommended that Petitioner begin treatment. C.R. at 45. Dr. Hahn testified that these documents did not establish any of the four criteria listed in the Bulletin as necessary to grant a BLE for dental services. Dr. Hahn was "not aware of any scientific literature, research or evidence that would substantiate that not replacing a crown would result in rapid serious deterioration of health of an individual with [Petitioner's] medical conditions." C.R. at 94. Further, granting the BLE request would not be a cost-effective alternative to MA under these circumstances and it was not necessary in order to comply with Federal law. *Id.*

Petitioner testified that she was a 62-year-old with various health problems, including severe osteoporosis, osteoarthritis, temporomandibular joint disorder (TMJ), and prediabetes. She lost the previous crown on tooth number 18 and filed the BLE request to cover the cost of the replacement crown. Petitioner asserted that her physician's letter should be relied upon and hold more weight than the testimony of Dr. Hahn who had not personally examined her. According to Petitioner, she met the Bulletin's second and third criteria for serious deterioration of her health and for a cost-effective alternative, respectively. She did not, however, present any additional medical evidence to support these claims. Petitioner also complained there were not enough dentists in her area who accept adult clients with Keystone First as their MCO.

In the adjudication, the ALJ found that Keystone First correctly denied Petitioner's BLE request on the basis that the clinical information submitted for

review failed to establish the medical necessity for the crown. Pursuant to the Department's contract with Keystone First, an MA recipient must first be deemed eligible for certain services. Adults over the age of 21 are eligible for a crown only if a BLE request is granted, and the Bulletin sets forth the specific criteria for when a BLE request for such dental benefits will be granted. Based upon Dr. Hahn's testimony, the ALJ determined that Petitioner's purported health conditions and the evidence she provided failed to meet the criteria outlined in the Bulletin. Accordingly, the ALJ denied Petitioner's appeal. The Bureau issued a final administrative action order the same day affirming the ALJ's decision.

Petitioner subsequently filed a timely reconsideration request, which the Department granted by order with mailing date May 4, 2023. Keystone First was given 15 days to submit a response to Petitioner's request, which it did. After reviewing the matter in its entirety, the Secretary issued a final order on behalf of the Department on December 7, 2023, upholding the Bureau's final administrative action order. The petition for review to this Court followed.

Petitioner argues that the Department erred by upholding Keystone First's denial of her BLE request. She claims that the Department misapplied "Health Laws," including the Bulletin, and overlooked Petitioner's material evidence, facts, and testimony in rendering the decision. We disagree.

In appeals to the Bureau, the ALJ, as fact finder, "is free to accept or reject the testimony of any witness . . . in whole or in part, and determinations regarding credibility and weight of the evidence are within the province of the ALJ." *R.J.W. v. Dep't of Hum. Servs.*, 139 A.3d 270, 287 (Pa. Cmwlth. 2016). Contrary to Petitioner's assertions, the ALJ's adjudication demonstrates that she considered all of the evidence and testimony presented by the parties, and weighed that evidence

4

with respect to the requirements for BLE requests pursuant to the Bulletin. Moreover, the ALJ found the testimony of Dr. Hahn to be credible and persuasive. Petitioner essentially asks this Court to reweigh the evidence and overturn the ALJ's credibility determinations, which we may not do.

As for the merits of Petitioner's BLE request, Dr. Hahn's credited testimony provides substantial evidence to support the denial. Dr. Hahn clarified that Petitioner did not have severe untreated dental disease or periodontal disease affecting the jawbone, where her osteoporosis and periodontal disease could interact. C.R. at 100. He also specifically testified that he was not aware of any scientific evidence or research papers saying that one missing crown will affect an individual's osteoporosis. *Id.* As Dr. Hahn explained:

> So, we're not saying that there might be a remote possibility that not replacing a crown could ever have an impact. But to say that it would have a serious rapid deterioration of your health, I'm not aware of it in my clinical experience. I've talked to other dental directors and I've looked at the scientific and general literature and it's just not there. So, I did consider it and I compared that to the guidelines and the criteria that we are obligated by the State to follow and they don't meet the criteria.

*Id.*

Petitioner next argues that the Department abused its discretion by considering a document she refers to as Keystone First's "External Review Report" because that document does not comply with the best evidence rule and Petitioner did not have the opportunity to refute the report or conduct cross-examination regarding its contents. *See* Pet'r's Br. at 3, 9. However, this argument lacks merit as the document Petitioner refers to is not part of the certified record the Department submitted to this Court, and there is no mention of it in either Dr. Hahn's testimony

5

or the ALJ's adjudication. Finally, Petitioner's argument that Keystone First breached its contractual obligation with Medicaid by not having adequate providers in her area is not properly before the Court in this appeal from a BLE request denial.

Accordingly, we affirm the Secretary's final order.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Elaine Mickman, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 76 C.D. 2024 |
| | : | |
| Department of Human Services, | : | |
| Respondent | : | |

## **O R D E R**

AND NOW, this 7th day of May, 2025, the Final Order of the Secretary of Human Services in the above-captioned matter is AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita